CITIZENS SAVINGS BANK, Appellant, v. 1722 CATON AVENUE CORPORATION, Respondent, and Others, Defendants.— In an action of foreclosure it appeared that two mortgages were given by different parties in 1923, and were assigned to the plaintiff in 1928, at which time it appears they were consolidated in one mortgage of $80,000, with interest at five and one-half per cent, and the time of payment extended until May 15, 1933. On December 28, 1932, a third mortgage on the same property, for $7,700, was given to the plaintiff by a subsequent owner, with interest at three per cent, which was to fall due on May 15, 1933. This latter mortgage provided that it and the two other mortgages that had been consolidated should be treated as though they were one bond and mortgage for $87,700, and in case of default on the part of any owner of the premises in any of the covenants contained in any of the bonds and mortgages the entire indebtedness should, at the option of the holder, become due and payable. There having been default in payment on May 15, 1938, the plaintiff sought to foreclose all three mortgages and the corporate defendant, now the owner of the property, moved to discontinue the action upon curing the default, pursuant to the provisions of section 1077-e of the Civil Practice Act. The plaintiff does not dispute the fact that it is not entitled to foreclose the consolidated mortgage of $80,000, but now claims that it is entitled to foreclose the $7,700 mortgage, for the provisions of the Moratorium Act restricting foreclosure do not apply to this mortgage given after July 1, 1932. (Civ. Prac. Act, § 1077-g.) The motion was granted at Special Term and the order provided not only that the entire action should be discontinued, but granted other relief: this, on the theory that the third mortgage had become consolidated with the earlier mortgages or " absorbed " into them by reason of the provisions therein that they were to be treated as one mortgage. We reach a different conclusion. There was no consolidation of the third mortgage with the other two. The three mortgages were made by different mortgagors, who became liable thereon. The intent of the parties obviously was that they might be treated as one mortgage for the purpose of declaring the default. Resettled order reversed on the law and the facts, with ten dollars costs and disbursements, and the matter remitted to Special Term to determine the amount of interest and costs to be paid to cure the respondent's default and to provide in respect to the receivership; and for the parties to proceed otherwise as they may be advised. Hagarty, Carswell, Davis and Adel, JJ., concur; Lazansky, P. J., concurs in result.